[Crim. No. 15148.    Second Dist., Div. Three.    June 27, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. CLINTON TENNIE BODDIE, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

SCHWEITZER, J.—Defendant was charged with possession of heroin (Health & Saf. Code, § 11500), and being under the influence of a narcotic (Health & Saf. Code, § 11721). Trial by jury was waived. After a nonjury trial, the court found defendant guilty as charged, suspended proceedings without imposition of sentence, and placed defendant on probation under certain conditions. This appeal is from the judgment (order granting probation) and the order denying the motion for a new trial, defendant contending that there was insufficient evidence to sustain his conviction on the charge of possession. The order denying the motion for new trial is not appealable and will be dismissed. (Pen. Code, § 1237.)

On September 2, 1967 at approximately 11:15 p.m. Police Officer Mettler observed one Lowe erratically driving on Central Avenue, swerving from the northbound to the southbound lane and back. Defendant was a passenger in the vehicle. The officer stopped the vehicle. Lowe was asked for his driver's license and after fumbling through his pockets, said: "they're in the glove compartment of the vehicle." He moved to the passenger side of the vehicle, telling defendant to get out of the car. Lowe attempted to open the glove compartment but it would not open. He then reached under the right front seat, obtained two yellow balloons, placed them in his mouth and swallowed them. He was placed under arrest and handcuffed. Defendant was then standing on the sidewalk, obviously swaying. He was also arrested and handcuffed. The vehicle was searched. A balloon was found containing a small portion of a white powdery substance. It was stipulated at trial that the contents of the balloon contained heroin.

Defendant and Lowe were taken to the Narcotics Bureau, Los Angeles Police Department. Officer Fesler, an expert in the field of narcotics, examined each man. He testified each was under the influence of a narcotic, probably heroin, and defendant had approximately 13 fresh scab formations on his arm, one puncture having fresh dried blood on it.

It was stipulated that the owner of the car was in custody at the time of trial, was awaiting trial on unrelated charges of sale and possession of heroin, and that if called as a witness, he would testify that he had loaned the car to Lowe about an hour prior to the arrests.

## Sufficiency of Evidence of Possession

█ It is well settled that in a prosecution for unlawful possession of narcotics the People must prove that the accused exercised dominion and control over the drug with knowledge both of its presence and of its narcotic character. (*People* v. *Groom,* 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, 388 P.2d 359]; *People* v. *Villanueva,* 220 Cal.App.2d 443, 449-450 [33 Cal. Rptr. 811].) █ These elements may be established by circumstantial evidence and any reasonable inferences to be drawn therefrom. (*People* v. *Groom, supra,* at pp. 696-697; *People* v. *Villanueva, supra,* at p. 450.) Exclusive possession of the premises is not required, nor is physical possession of the narcotic. (*People* v. *Villanueva, supra,* at p. 450.) █ Constructive possession is sufficient and possession by any person when the defendant has an immediate right to exercise dominion and control over the narcotic will support a conviction. (*People* v. *Toms,* 163 Cal.App.2d 123, 128 [329 P.2d 90].) █ Evidence that a person uses narcotics and has hypodermic marks on his arms may be considered as a circumstance indicating possession of narcotics. (*People* v. *Roberts,* 228 Cal.App.2d 722, 728 [39 Cal.Rptr. 843].) However, mere presence at the scene of the crime, standing alone, is not sufficient to justify a conviction. (*People* v. *Foster,* 115 Cal.App. 2d 866, 868 [253 P.2d 50].) █ To show knowledge the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient. (*People* v. *Foster, supra,* at p. 868.)

In *Roberts, supra,* defendant was in the rear seat of an automobile seen leaving a house occupied by a suspected narcotic peddler. The car was followed by narcotic agents who had the house under surveillance. When the agents were observed, the defendant and other occupants of the car talked to the driver, and turned and looked at the agents' car. There appeared to be considerable commotion in the car by the defendant and other occupants, "like jumping beans back and forth." The car was stopped. Narcotics were observed on the front seat. Defendant had numerous needle scabs on his arms and appeared to be under the influence of a narcotic. In upholding the conviction of the charge of possession, the court said on page 728: "Taken alone, none of the circumstances was in itself sufficient to support the conviction, but taken together they were."

█ In our case we have no evidence of unusual conduct, of admissions or contradictory statements by defendant.

There was no evidence as to how long he had been in the car, or his purpose for being therein. In short, all we have is evidence that defendant, while under the influence of narcotics, was a passenger in an automobile being driven by a person also under the influence of narcotics, in which car narcotics were found in the glove compartment. We conclude that there was insufficient evidence, direct and circumstantial, to establish that defendant had knowledge of the presence of the narcotics, an essential element to the charge of possession.

■ Defendant also contends the evidence introduced at trial was obtained as the result of an illegal search. This contention is wholly without merit. The officers were justified in arresting Lowe because of his erratic driving and his stuporous condition. They were justified in arresting defendant because of his obvious drugged condition. The search which followed the arrests was proper as being incidental to a lawful arrest. (*People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal. Rptr. 495, 366 P.2d 823].) Furthermore, because of our conclusion as to the possession charge, we have eliminated from consideration all evidence obtained by the search.

■ Defendant made a motion to relieve the deputy public defender and asked for the appointment of private counsel for the reason his attorney had suggested a plea of guilty to one of the counts. The motion was denied. Defendant suggests the denial violated his constitutional rights. ■ The provisions of the Constitution are satisfied by the appointment of the public defender to represent a defendant; he was not entitled to have private counsel represent him. (*People* v. *Hujhes,* 57 Cal.2d 89, 98 [17 Cal.Rptr. 617, 367 P.2d 33].) ■ There was no compelling reason for the trial judge to comply with the request. The trial judge stated he had presided at trials many times where this particular deputy had appeared and in his opinion he was quite capable. Our review of the record indicates that defendant was represented by able counsel and received a full and fair trial. The denial of the motion was proper.

The appeal from the order denying the motion for a new trial is dismissed. The judgment (order granting probation) as to count III (Health & Saf. Code, § 11721) is affirmed; the judgment (order granting probation) as to count II (Health & Saf. Code, § 11500) is reversed.

Ford, P. J., and Frampton, J. pro tem.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.