[Sac. No. 7880. In Bank. Apr. 23, 1971.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF BUTTE COUNTY, Respondent;
GARY STEPHEN EDMONDS, Real Party in Interest.

## COUNSEL

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Edward A. Hinz, Jr., and Willard F. Jones, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

McPherson, Mulkey & Aisthorpe and Harold C. Wright for Real Party in Interest.

## OPINION

**BURKE, J.**—In this case we are called upon to determine whether Penal Code section 1538.5 permits a defendant charged with the commission of a felony offense to renew at trial a motion to suppress evidence, which motion had been previously denied at a special hearing held in superior court. We have concluded that the trial court which granted defendant's renewed motion had no jurisdiction to entertain that motion, and that accordingly the People are entitled to mandate to set aside the court's order granting same.

Defendant was arrested on January 7, 1970, for possession of marijuana (Health & Saf. Code, § 11530). At the preliminary hearing held on January 29, in the municipal court, defendant moved, pursuant to Penal Code section 1538.5, subdivision (f), to suppress certain evidence found in defendant's vehicle by the arresting officer on the basis that it had been illegally seized. At the conclusion of the hearing on the matter, the court denied the motion and ordered defendant held to answer the possession charge.

On February 20 defendant moved the superior court under Penal Code section 995 to set aside the information filed following the preliminary

hearing. This motion was based primarily upon the contention that the arresting officer was outside his jurisdiction when he arrested defendant, a matter also raised at the hearing on defendant's motion to suppress in municipal court.[1] On March 6, 1970, the court denied defendant's motion under section 995.

On March 6, following the denial of his motion under section 995, defendant filed in superior court a further motion to suppress pursuant to subdivision (i), of section 1538.5,[2] contending once again that the arresting officer acted outside his jurisdiction, had no probable cause to detain or arrest defendant, and committed an illegal search of defendant's vehicle, resulting in the seizure of the evidence sought to be suppressed. On March 20, a hearing was held on defendant's motion, and additional testimony was introduced regarding the jurisdictional issue. On March 27 the court denied defendant's renewed motion to suppress.

On June 25, the case proceeded to trial by the court, defendant having waived a jury. The parties stipulated that with the exception of certain evidence to be offered by defendant, the case could be submitted on the transcripts, pleadings and exhibits submitted at the hearings in municipal and superior court described above. However, defendant's counsel purported to reserve his objections to such evidence, and stated that he intended to renew his motion to suppress upon completion of defendant's case. At trial, defendant introduced no new evidence regarding the arresting officer's jurisdiction, although defendant himself testified regarding the circumstances of his arrest. At the close of trial, defendant renewed his motion to suppress which was thereupon taken under submission. On July 24, the court granted the renewed motion, on the basis that the arresting officer was not empowered by law to arrest defendant. The court issued an order granting the motion to suppress, but did not enter a judgment of dismissal in defendant's favor.

Initially, we must determine whether the instant proceedings are properly before this court prior to the entry of judgment. The People, contending

---

[1]The People do not contend that defendant was precluded from renewing the substance of his prior motion to suppress by means of a further motion under section 995. Indeed, section 1538.5, subdivision (n), provides that its provisions do not alter the procedure and law relating to motions made pursuant to section 995.

[2]Subdivision (i) expressly permits a defendant to "make or renew" a motion to suppress at a special hearing in the superior court, if the property or evidence obtained relates to a felony offense and defendant was held to answer at the preliminary hearing.

that the trial court had no jurisdiction to entertain defendant's renewed motion to suppress, seek a writ of mandate compelling the court to set aside its order granting that motion. The People are purportedly proceeding under subdivision (o) of section 1538.5, which provides that "Within 30 days after a defendant's motion [to suppress] is granted at a special hearing in the superior court, the people may file a petition for writ of mandate or prohibition, seeking appellate review of the ruling regarding the search or seizure motion. . . ." As defendant points out, subdivision (o) by its terms only applies to motions granted at "a special hearing" in superior court, and not to motions granted during the course of trial. ■ In fact, nothing in section 1538.5 suggests that the People are entitled to appellate review of an order granting a motion to suppress at trial.[3]

Nevertheless, if in fact the superior court had no jurisdiction under section 1538.5 to entertain defendant's renewed motion at trial, the People would be entitled to mandate under general principles of law, apart from the provisions of section 1538.5. In *People* v. *Superior Court,* 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138], we discussed the question of the availability to the People of mandamus to review claimed errors at trial, and denied the writ to review the trial court's action in dismissing an information on its own motion (Pen. Code, § 1385) following a guilty verdict by the jury. We noted that a dismissal, made during trial, is not an appealable order under Penal Code section 1238 (see fn. 3, *ante*), and we determined that "the extension of review beyond the limits which the Legislature has deemed appropriate is not warranted *where the trial court has not exceeded its jurisdiction."* (P. 499; italics added.) We disapproved certain prior cases which had suggested that every judicial act in excess of power is also an excess of jurisdiction, and which had thereby extended the term "jurisdiction" beyond its traditional sense, "i.e., where the trial court has acted without jurisdiction of the subject matter or of the person." (P. 500.) We concluded that mandate should not be available to the People to review every claim of error, and should be denied where there exists a danger of further trial or retrial. (P. 501.)[4]

---

[3]We note that Penal Code section 1238, subdivision (a), subsection (7), permits the People to appeal from "An order dismissing a case *prior to trial* made upon motion of the court pursuant to Section 1385 whenever such order is based upon an order granting defendant's motion to return or suppress property or evidence *made at a special hearing* as provided in this code." (Italics added.) Subdivision (b) authorizes the appellate court to review the order granting the motion to suppress, when an appeal is taken under subdivision (a), subsection (7). However, as we have seen, the instant proceeding involves review of an order granting a motion to suppress at trial, not an order of dismissal prior to trial.

[4]Justice Mosk, joined by Justice Burke, concurred in the judgment, but would not have disapproved certain Court of Appeal cases which had issued mandate to set aside void orders of the trial court. Justice McComb dissented from the judgment.

In the instant case, according to the People, the trial court had no jurisdiction over the subject matter of defendant's renewed motion to suppress, since section 1538.5 requires such motions to be made at a special hearing *prior to trial,* and makes no provision for their renewal thereafter. Moreover, since the court granted defendant's motion at the close of trial but before judgment had been entered, no danger of further trial or retrial would exist if the order granting the motion were set aside and the case remanded to the trial court for judgment. Therefore, mandate would be appropriate under the principles set forth in *People* v. *Superior Court, supra,* 69 Cal.2d 491, if the People are correct in asserting that section 1538.5 barred the court from entertaining at trial defendant's renewed motion to suppress. Consequently, we now consider the extent of the court's jurisdiction under section 1538.5.

For our purposes, the pertinent provisions of section 1538.5 are found in subdivisions (h) and (i) as follows:

"(h) If, prior to the trial of a felony or misdemeanor, opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, the defendant shall have the right to make this motion during the course of trial in the municipal, justice or superior court. Furthermore, the court in its discretion may entertain the motion during the course of the trial.

"(i) If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, or if the property or evidence relates to a felony offense initiated by indictment, the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard prior to trial and at least 10 days after notice to the people unless the people are willing to waive a portion of this time. The defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing. After the special hearing is held in the superior court, any review thereafter desired by the defendant prior to trial shall be by means of an extraordinary writ of mandate or prohibition filed within 30 days after the denial of his motion at the special hearing."[5]

Thus, defendant is permitted to renew, at a special hearing in the superior court held *prior* to trial, a motion to suppress which was previously denied at the preliminary hearing. However, no provision is made for renewing a motion to suppress at trial. As we recently stated in *People* v. *O'Brien,*

---

[5]The Legislature has subsequently deleted the last sentence of subdivision (h), effective November 23, 1970. See footnote 6, *infra.*

71 Cal.2d 394, 403 [78 Cal.Rptr. 202, 79 Cal.Rptr. 313, 456 P.2d 969], "[C]ontrary to the apparent understanding of the parties below, we construe the statute to prohibit the renewal of such a motion at trial if it has previously been made in pretrial proceedings. . . . By omitting the word 'renew' from subdivision (h), the Legislature must have intended to limit the operation of that provision to instances in which the motion is 'made' or 'entertained' for the first time at trial. (Cf. *Gomes* v. *Superior Court* (1969) 272 Cal.App.2d 702, 706, fn. 9 [77 Cal.Rptr. 539].)" (See also *People* v. *Superior Court,* 10 Cal.App.3d 477 [89 Cal.Rptr. 223]; *People* v. *Lee,* 3 Cal.App.3d 514, 524 [83 Cal.Rptr. 715]; but see *People* v. *Municipal Court,* 10 Cal.App.3d 539, 542-543 [89 Cal.Rptr. 243].)

According to committee reports prepared prior to the enactment of section 1538.5, the intent underlying that section was to reduce the unnecessary waste of judicial time and effort involved in the prior procedures, whereby search and seizure questions could be repeatedly raised in criminal proceedings. (22 Assembly Interim Com. Report No. 12 (1965-1967) p. 13, contained in Vol. 2 to Appendix to Journal of the Assembly (1967), hereafter "Assembly Reports.") Another acknowledged deficiency in the prior practice was the disadvantageous use of jury time resulting from the determination of search and seizure questions during the course of trial, thereby interrupting the trial's continuity. (Assembly Reports, *supra,* p. 14.) A third consideration in favor of requiring pretrial determination of motions to suppress was to afford the prosecution an opportunity to obtain appellate review of adverse rulings before trial had commenced and jeopardy had attached. (Assembly Reports, *supra,* pp. 15-16.) Consequently, the proposed drafts of section 1538.5 each limited defendant's right to make a motion to suppress at trial to situations wherein he was either unaware of his grounds for suppression, or unable to so move at pretrial proceedings. (Assembly Reports, *supra,* p. 16.) Nevertheless, it was suggested that the trial judge should have discretion to entertain such a motion, made for the first time at trial, if defendant's failure to so move prior to trial was otherwise excusable. (Assembly Reports, *supra,* pp. 16, 20, 31.) Accordingly, the last sentence of subdivision (h) was added to provide for the discretionary allowance of motions during trial. However, as indicated in *People* v. *O'Brien, supra,* 71 Cal.2d 394, that sentence does not authorize the *renewal* of motions previously denied at pretrial proceedings.[6]

---

[6]Subsequent to our opinion in *O'Brien, supra,* the Assembly Interim Committee on Criminal Procedure, in a 1970 report on "Motions to Suppress Evidence," suggested that *O'Brien's* interpretation of subdivision (h) was incorrect in that the drafting committee did intend to permit the court to entertain renewed motions to suppress at trial.

■ It should be emphasized that the *O'Brien* rule is limited to preventing the renewal of a prior motion to suppress, rather than the making of a new motion based upon grounds either unavailable or unknown to defendant at the time his prior motion was denied. (Pen. Code, § 1538.5, subd. (h).) Thus, for example, if there occurred an intervening change in the applicable law or the discovery of new evidence in support of suppression, the trial court could entertain a new motion based upon such grounds. In the instant case, however, defendant asserted no new grounds in support of his renewed motion to suppress.

■ For the reasons hereinabove set forth, we have concluded that the superior court had no jurisdiction or discretion to entertain at trial defendant's renewed motion to suppress, which had been previously denied by the court at a special hearing held under subdivision (i) of section 1538.5.[7] Although the parties have briefed the merits of defendant's motion, on the assumption that this court could review the merits under subdivision (o) of section 1538.5, that subdivision only applies to motions granted at a special hearing held prior to trial. Accordingly, our review extends no further than to determine whether the trial court exceeded its jurisdiction in granting the motion. (*People* v. *Superior Court, supra,* 69 Cal.2d 491; see *People* v. *Superior Court,* 70 Cal.2d 123, 130 [74 Cal.Rptr. 294, 449 P.2d 230].) Moreover, it would be premature for this court to decide the question prior to the entry of judgment below. If defendant is convicted upon the basis of evidence which should have been suppressed, he may seek review of the question in due course by way of appeal.

■ The peremptory writ is granted and the case remanded to the

---

However, the committee concluded that *O'Brien's* reasoning was preferable, and consequently recommended the repeal of the last sentence in that subdivision. (Pp. 4-6 of the report.) Subdivision (h) was so amended effective November 23, 1970.

[7] As we explained in *O'Brien, supra* (pp. 402-403), a defendant who has unsuccessfully moved to suppress evidence prior to trial need not renew his challenge when the evidence is offered at trial in order to preserve his right to raise the matter on appeal. We reject the suggestion that defendant might relitigate at trial the merits of an unsuccessful pretrial motion to suppress by moving for a new trial. Such a motion would be proper only if the *trial* court "has erred in the decision of any question of law *arising during the course of the trial* . . . ." (Italics added; Pen. Code, § 1181, subd. 5.) Any judicial error occurring at the *pretrial* hearing would not be within the scope of section 1181 and would be reviewable only by petition for extraordinary relief under section 1538.5, subdivision (i), or on appeal from a conviction following trial. As stated in subdivision (m) of section 1538.5, "The proceedings provided for in this section . . . shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion . . . is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case. . . ."

superior court for further proceedings not inconsistent with the views expressed herein.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.