[Crim. No. 12049. First Dist., Div. Four. Apr. 22, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
EUGENE NEALOUS BURKE, Defendant and Appellant.

## COUNSEL

Stephen J. Redner, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHRISTIAN, J.**—Eugene Nealous Burke appeals from a judgment sentencing him to concurrent terms of imprisonment after a jury found him guilty of receiving stolen property (Pen. Code, § 496) and possession of a blank check with intent to defraud (Pen. Code, § 475).

On March 9, 1972, the Producers Cotton Oil Company in Fresno was burglarized; a check protector and many blank forms of bank drafts were stolen. A few months later two police informers went to appellant's home and were shown a check protector and a bundle of blank drafts, which proved to be the ones which had been stolen from the Producers Cotton Oil Company. One of the informers told appellant he would "make out a couple"; appellant asked him to cash them and return with half of the proceeds. The informers left with the drafts and the check protector, and contacted the police.

The next day the informers returned with two partially completed drafts. One of the men carried a hidden transmitter, by means of which police officers recorded a lengthy conversation which incriminated appellant with respect to the stolen drafts and check protector.

■ Appellant contends that he should not have been convicted of violating Penal Code section 475:[1] he was charged with possession of a blank check, but the evidence was that the forms which he possessed were not

---

[1]Section 475 of the Penal Code makes it unlawful for a person to possess "any blank or unfinished check, money order, or traveler's check, made in the form or similitude of any check, money order, or traveler's check . . . with intention to fill up and complete such blank and unfinished . . . check, money order, or traveler's check, or to permit, or cause, or procure the same to be filled up and completed in order to utter or pass the same, . . . to defraud any person, . . . ."

checks. The contention is expressed in terms of the court's *jurisdiction* to convict appellant under Penal Code section 475. But because Penal Code section 475 does not punish possession of all instruments for the transfer of money there are two real questions: does the statute reach the forms possessed by appellant and, if so, was the information fatally defective in that it charged possession of a check while the forms possessed by appellant were not checks?

A check is defined as "a draft drawn on a bank and payable on demand; . . ." (Cal. U. Com. Code, § 3104, subd. (2)(b).) The instrument involved in this case is a draft. It states "Pay to the order of," followed by a blank where the name of the payee is to be written; it contains spaces where the sum of money and the signature of the drawer are to be written.[2] But the instrument is not drawn on a bank. In banking practice, the name of the drawee bank frequently appears in the lower left corner of the instrument.[3] Here, the name in the lower left corner is "Bank of America." The term "Payable through" is printed directly over the name of the bank. According to the Commercial Code, "An instrument which states that it is 'payable through' a bank or the like designates that bank as a collecting bank to make presentment but does not of itself authorize the bank to pay the instrument." (Cal. U. Com. Code, § 3120.) The bank is not authorized to pay the instrument out of the drawer's account. (West's Com. Code Ann. (1964) § 3120, Uniform Com. Code Comment, p. 94.) In this case, the Bank of America was not a drawee because the instrument was "payable through" the bank. Therefore, the forms are not checks.

█ Penal Code section 475 does punish possession, with fraudulent in-

---

[2]The blank instrument possessed by appellant was as follows:

[3]Forms of typical checks and commercial drafts are depicted in 2 California Commercial Law (Cont.Ed.Bar) pages 5-6, as follows [fn. continued on p. 712]:

tent, of "bank bills." According to Black's Law Dictionary a bank bill is the same as a bank note, i.e., a bank's promissory note intended to circulate as money. The term "bank bill" cannot be construed so broadly as to apply to the form possessed by appellant, which was not issued by nor drawn on a bank. Because the instrument is not a bank bill, check, money order, or traveler's check, the evidence will not sustain a conviction of violation of Penal Code section 475. As to that count the judgment must be reversed. (See *People* v. *Norwood* (1972) 26 Cal.App.3d 148, 152-157 [103 Cal. Rptr. 7].)

No such defect is seen in regard to the conviction for possession of stolen property. The information charged possession of "a check protector

Figure 1. Check

Figure 2. Draft

and checks" in violation of Penal Code section 496. Even though the forms were not technically checks, the information adequately gave notice of the offense charged. (See Witkin, Cal. Criminal Procedure, § 195, p. 183.) Moreover, proof that appellant possessed the check protector independently supports the judgment.

■ Appellant asserts that the court erred when, at the beginning of trial, it refused to hear defense counsel's motion to suppress evidence based on Penal Code section 1538.5, subdivision (h). Just prior to counsel's opening argument and apparently after the jury was chosen, defense counsel moved to suppress evidence. He told the court that there had been no opportunity to make the motion earlier because of delay in discovering the relevant facts. Noting that defense counsel had been representing the defendant for two months, the court denied the motion on the grounds that there had been ample time for counsel to make the motion before trial.

The procedural scheme established by Penal Code section 1538.5 displays a strong legislative preference for litigating prior to trial the legality of searches and seizures. (*People* v. *Superior Court* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202].) Subdivision (h) of section 1538.5 allows a motion to suppress to be heard during a trial only if "prior to the trial . . . opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, . . ." (See also *People* v. *Triggs* (1973) 8 Cal.3d 884, 887, fn. 2 [106 Cal.Rptr. 408, 506 P.2d 232].) No persuasive justification for the delay was presented. The court did not err in rejecting appellant's motion.

Other insubstantial contentions advanced by appellant do not require discussion.

The judgment is affirmed as to count one (receiving stolen property) and reversed as to count two (possession of a blank check with intent to defraud).

Caldecott, P. J., and Rattigan, J., concurred.