[Crim. No. 14387. First Dist., Div. Four. Mar. 4, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY RICHARD ROBBINS, Defendant and Appellant.

COUNSEL

Joseph G. Baxter, Marshall W. Krause and Krause, Baskin & Shell for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Clifford K. Thompson, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHRISTIAN, J.—Jeffrey Richard Robbins appeals from a judgment of imprisonment which was rendered after a jury found him guilty of possession of marijuana (Health & Saf. Code, § 11357), possession of marijuana for sale (Health & Saf. Code, § 11359), and transportation of marijuana (Health & Saf. Code, § 11360).

On May 9, 1978, in an unpublished decision, this court modified the judgment to stay the sentence for possession of marijuana for sale, and affirmed the judgment as modified.

The United States Supreme Court subsequently dealt with the problem of search of a closed container found in an automobile in *Arkansas v. Sanders* (1979) 442 U.S. 753 [61 L.Ed.2d 235; 99 S.Ct. 2586]. The

court then granted certiorari in the present case, vacated this court's decision and remanded the cause to us for further consideration in light of *Arkansas* v. *Sanders*.

Although the appeal is from a judgment after trial, the principal challenge is to the propriety of a pretrial order denying a motion to suppress evidence (Pen. Code, § 1538.5). Therefore the following narrative is based not on the trial record, but on the evidence received at the hearing on the motion to suppress evidence.

On January 5, 1975, at 1:45 a.m., California Highway Patrol Officer DePue and Sergeant Stoltz stopped appellant's station wagon on Nelson Road in Solano County. Appellant had been driving erratically. He immediately left his car, meeting DePue halfway between the vehicles. The officer asked appellant for his operator's license and ownership registration. Appellant began talking very rapidly and had difficulty in removing his license from his wallet. DePue followed appellant to the car, and smelled marijuana smoke when appellant opened the door.

Officer DePue patted appellant down for weapons and found only a vial of liquid. The officer saw a pair of tweezers on the front seat of the vehicle, of a type used to hold marijuana roaches. He retrieved the tweezers; appellant then began to vomit in the road. In the passenger compartment DePue found a pair of tweezers holding a burned hand-rolled cigarette butt, an alligator clip, a hand-rolled cigarette, and a cookie tin which contained marijuana seeds, two packs of cigarette papers, and a plastic baggie containing marijuana.

While Officer DePue was searching the passenger compartment, appellant said to Sergeant Stoltz, "What you are looking for is in the back." The officers then placed appellant in the patrol car and DePue opened the luggage compartment of appellant's automobile. DePue found a tote bag and two bulky packages wrapped in plastic. DePue opened all of the packages. Each of the plastic-wrapped parcels contained approximately fifteen pounds of marijuana; the tote bag contained approximately three pounds.

I

It was lawful for the officers to stop appellant's car to determine why it was moving erratically (*People* v. *Boddie* (1969) 274 Cal.App.2d 408

[80 Cal.Rptr. 83]). Search of the automobile was proper when the officers learned that appellant was smoking marijuana when they stopped him.

The record establishes that when Officer DePue saw the containers in the back of the car he had probable cause to believe that they contained contraband.

Appellant contends that the Supreme Court's mandate to consider this case in light of *Arkansas* v. *Sanders* compels the suppression of all the marijuana found in his automobile. The Attorney General concedes that the cookie tin retrieved from the passenger compartment and the tote bag found in the luggage compartment were both closed containers for which a warrant was required under *Arkansas* v. *Sanders*, but contends that the plastic-wrapped parcels were not protected by the Fourth Amendment because they were readily identifiable as marijuana bricks.

■ In *Arkansas* v. *Sanders*, the United States Supreme Court held that, absent exigent circumstances, a warrant is generally required to search closed containers removed from an automobile properly stopped in the field and searched for contraband. (Accord, *People* v. *Dalton* (1979) 24 Cal.3d 850 [157 Cal.Rptr. 497, 598 P.2d 467], cert. applied for Dec. 1979, Supreme Ct. Dock. No. 79-930.) ■ The court declared, however, that "[n]ot all containers and packages found by police during the course of a search will deserve the full protection of the Fourth Amendment. Thus, some containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance. Similarly, in some cases the contents of a package will be open to 'plain view,' thereby obviating the need for a warrant." (442 U.S. at p. 764, fn. 13 [61 L.Ed.2d at p. 245; 99 S.Ct. at p. 2593].)

Appellant argues that the contents of the plastic-wrapped packages were not in plain view. Indeed there was no testimony that the plastic wrapping was sufficiently transparent to reveal its contents. But the packages did not support a reasonable expectation of privacy.[1] Officer

---

[1] *Arkansas* v. *Sanders, supra*, 442 U.S. 753, involved a suitcase; also see *People* v. *Minjares* (1979) 24 Cal.3d 410 [153 Cal.Rptr. 224, 591 P.2d 514], cert. den. 444 U.S. 887 [62 L.Ed.2d 117, 100 S.Ct. 181] (zippered tote bag); *People* v. *Pace* (1979) 92 Cal.App.3d 199 [154 Cal.Rptr. 811] (closed lunch box).

DePue described the packages as "green wrapped plastic blocks," and testified that he had heard that contraband was commonly packaged this way.[2] The packages were received in evidence at the preliminary hearing. At the subsequent suppression hearing the preliminary hearing testimony was stipulated into evidence, and the exhibits were also received, "under the same numbers they were marked at the preliminary hearing." We have not examined the packages, but the trial record does include a photograph of them in place in appellant's car. The bulky tape-secured packages do not present an appearance of containing anything other than contraband. The court could reasonably conclude that the contents of the packages could have been inferred from their outward appearance, so that appellant could not have held a reasonable expectation of privacy with respect to the contents.

Appellant contends that diverse legally possessable objects could be wrapped in green plastic, citing *Remers v. Superior Court* (1970) 2 Cal.3d 659 [87 Cal.Rptr. 202, 470 P.2d 11]. In *Remers*, the California Supreme Court held that a suspect's act of showing a tinfoil package to a companion did not provide probable cause for an arrest following which an incidental search revealed the package to contain seconal tablets. The prosecution argued that the officer knew that dangerous drugs are often packaged in tinfoil, but the court held that a tinfoil package is so commonly used for legitimate purposes, such as to wrap food or tobacco, that it in itself is not a suspicious circumstance. (*Id.*, at pp. 665-666.) *Remers* is to be distinguished from the present case. Unlike a small tinfoil package, the very appearance of a bulky, 15 pound, brick-shaped, plastic-wrapped package suggested that it contains a specific type of contraband (a brick of marijuana). Although a variety of legally possessable objects could conceivably be wrapped in brick-shaped, plastic-wrapped packages, legally possessable objects are not *commonly* packaged in this manner, as are food and tobacco commonly wrapped in tinfoil. Any experienced observer could have inferred from the appearance of the packages that they contained bricks of marijuana. The parcels thus could not support a reasonable expectation of privacy and were not protected by the Fourth Amendment.

---

[2]Redirect examination of DePue: "Q.... You stated in response to Mr. Ross' question, when you first saw this brown tote bag there was nothing unusual about it; nothing about these two plastic wrapped green blocks that attracted your attention?

"A. I had previous knowledge of transportation of such blocks. Normally contraband is wrapped this way, merely hearsay. I had never seen them before.

"Q. You had heard contraband was packaged this way?

"A. Yes."

■ The Attorney General has conceded that suppression of the cookie tin found in the passenger compartment and the tote bag found in the luggage compartment is mandated by *Arkansas* v. *Sanders*. But erroneous denial of a suppression motion and admission of evidence does not require reversal if the error was harmless. (*People* v. *Tarantino* (1955) 45 Cal.2d 590, 595 [290 P.2d 505]; *People* v. *Daniels* (1971) 16 Cal.App.3d 36, 45 [93 Cal.Rptr. 628].) The amount of marijuana in the improperly searched containers (about three pounds), was insignificant when compared with that contained in the lawfully searched plastic-wrapped packages (about thirty pounds). It is certain beyond reasonable doubt that the error did not affect the verdict on the transportation count. The jury would have reached the same verdict as to the transportation count upon 30 pounds of marijuana as it did upon 33 pounds. Therefore, the Fourth Amendment point does not justify reversal of the judgment on that count. (See *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

## II

Appellant contends that the trial court erred when it refused to consider his renewed motion to suppress made during trial. ■ It is clear that once a defendant's motion to suppress evidence has been denied at a special Penal Code section 1538.5 hearing in the superior court, the trial judge should not entertain a renewed motion at trial unless there is an intervening change in the applicable law or the discovery of new evidence.[3] (*People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202].

■ On the second day of the trial, defense counsel moved to suppress evidence, asserting that the posted speed limit at the site of the arrest is 35 miles per hour rather than 55 miles per hour. The defense argued that this discovery destroyed the probable cause necessary for the initial stop. The motion was denied. Appellant contends that this is new evidence within the meaning of Penal Code section 1538.5, subdivision (h), and that the motion should have been granted.

---

[3]Penal Code section 1538.5, subdivision (h): "If, prior to the trial of a felony or misdemeanor, opportunity for this motion did not exist or the defendant was not aware of the grounds for the motion, the defendant shall have the right to make this motion during the course of trial in the municipal, justice or superior court."

The California Supreme Court in *People v. Martinez* (1975) 14 Cal.3d 533, 537 [121 Cal.Rptr. 611, 535 P.2d 739], recognized a "due diligence" limitation on the availability of a belated motion to suppress under section 1538.5, subdivision (h). The court held that a motion to suppress raised at trial was properly denied when based on information defense counsel could have obtained at any time simply by interviewing his client. The present case is similar. It may be questioned whether appellant realized the actual speed limit prior to trial. However, it is clear that defense counsel could have discovered the true speed limit simply by visiting the scene of the arrest, an act which falls within the scope of due diligence. Under the *Martinez* limitation, appellant's motion to suppress at trial was properly denied. (See *People v. Burke* (1974) 38 Cal.App.3d 708, 713 [113 Cal.Rptr. 553].)

## III

Appellant contends and respondent concedes that the sentence must be stayed as to the possession for sale count. ■ In *People v. Sanders* (1967) 250 Cal.App.2d 123 [58 Cal.Rptr. 259], and *In re Adams* (1975) 14 Cal.3d 629 [122 Cal.Rptr. 73, 536 P.2d 473], the court recognized that while possession for sale is a crime separate from transporting, where both were part of an indivisible course of conduct which has a single objective double punishment would violate Penal Code section 654.

■ Appellant further contends that the offense of possession must be included within the offense of possession for sale. The jury found appellant guilty of separate counts of possession and possession for sale, upon evidence which would support a determination that appellant possessed distinct quantities of marijuana for different purposes: a small amount in the cookie tin in the front of the car for personal use, and a large amount in the sealed packages in the baggage compartment for sale. But the contents of the cookie tin should have been suppressed under *Arkansas v. Sanders*. The only physical evidence available to support the verdicts was the marijuana in brick form found in the baggage compartment. Therefore, appellant's contention with respect to the charge of simple possession must be upheld.

## IV

Appellant argues that California's marijuana laws are unconstitutional. Constitutional challenges to the marijuana laws have consistently

been rejected. (See *People v. Oatis* (1968) 264 Cal.App.2d 324 [70 Cal.Rptr. 524], cert. den. 393 U.S. 1108 [21 L.Ed.2d 805, 89 S.Ct. 920]; *People v. Aguiar* (1968) 257 Cal.App.2d 597 [65 Cal.Rptr. 171], cert. den. 393 U.S. 970 [21 L.Ed.2d 383, 89 S.Ct. 411]; *People v. Glaser* (1965) 238 Cal.App.2d 819 [48 Cal.Rptr. 427], cert. den. 385 U.S. 880 [17 L.Ed.2d 107, 87 S.Ct. 164], reh. den. 385 U.S. 965 [17 L.Ed.2d 310, 87 S.Ct. 402].) ■ In a related contention it is argued that trial counsel manifested constitutional inadequacy when he failed to challenge the validity of the laws proscribing marijuana. It is not an indication of inadequacy for counsel to withhold making an unsound argument.

The purported appeal from the order denying the motion to suppress evidence is dismissed. The judgment is reversed as to the count of simple possession. The sentence as to the count of possession for sale is stayed. Upon such modification the judgment is affirmed as to the counts of possession for sale and of transportation.

Caldecott, P. J., concurred.

**RATTIGAN, J.**—I respectfully dissent. I agree that the judgment of conviction must be reversed as to the contents of the cookie tin found in the passenger compartment of appellant's station wagon, and as to the contents of the tote bag found in the luggage compartment, but I reach the same conclusion as to the contents of the "plastic wrapped" packages found with the tote bag. Because I would therefore reverse the judgment in its entirety, contrary to part I of the majority opinion, I need not reach the points discussed in parts II and III.

In declaring closed containers to be generally within the protection of the Fourth Amendment against warrantless searches, the United States Supreme Court excepted only those containers which "by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance." (*Arkansas v. Sanders* (1979) 442 U.S. 753, 764, fn. 13. [61 L.Ed.2d 235, 245, 99 S.Ct. 2586] [quoted in the majority opinion].) The most demonstrative evidence of the "outward appearance" of the two packages in question is the photograph mentioned in the majority opinion. It depicts only one of the packages as Officer DePue found them among a cluttered array of articles in the luggage compartment, but his testimonial description supports the inference that the packages were identical in appearance.

The package visible in the photograph is apparently wrapped or boxed in an opaque material covered by an outer wrapping of transparent, cellophane-type plastic. (The photograph is not in color, and the "green" plastic cannot be seen at all.) Both wrappings are sealed on the outside with at least one strip of opaque tape. As thus wrapped and sealed, the package roughly resembles an oversized, extra-long cigar box with slightly rounded corners and edges. It bears no legend or other written indicia supporting any inference concerning its contents.

The photograph thus presents to me the visual impression of a package that had been tightly wrapped for shipment by mail, or to protect its contents, or for both purposes. For all that I see, it could contain books, stationery, canned goods, or any number of other wholly innocuous items which might be heavy in weight. In fact, it bears a remarkable resemblance to an unlabelled carton of emergency highway flares that I bought from a store shelf and have carried in the trunk of my own automobile.

For these reasons, I perceive nothing about the packages which dispels "any reasonable expectation of privacy because their contents can be inferred from their outward appearance." (*Arkansas* v. *Sanders, supra,* 442 U.S. 753 at p. 764, fn. 13 [61 L.Ed.2d 235 at p. 245].) I cannot plausibly distinguish them from the closed containers to which the California Supreme Court unanimously extended Fourth Amendment protection under virtually identical circumstances, and on the authority of *Arkansas* v. *Sanders,* in one of the decisions cited in the majority opinion. (*People* v. *Dalton* (1979) 24 Cal.3d 850, 854 [157 Cal.Rptr. 497, 598 P.2d 467] [describing a "large silver colored metal box," a "silver-gray metal box," and a "brown leather box," all of which were found in the trunk of an automobile and opened by police officers]. See also *id.,* at pp. 855-857 [invalidating the officers' warrantless search of the "boxes"].)*

The only conceivable support for the majority's contrary conclusion is Officer DePue's testimony to his "merely hearsay" impression that "[n]ormally contraband is wrapped this way," which he had "never

---

*This decision also controls a significant companion point in the present case. The officers who arrested appellant had handcuffed him and positioned him away from the station wagon before its luggage compartment was opened. *Dalton* therefore establishes that there were no "exigent circumstances" justifying a warrantless search of the packages found in the compartment. (*People* v. *Dalton, supra,* 24 Cal.3d at p. 857.)

seen" himself. He also testified that he had received limited training at the California Highway Patrol Academy, "three times," on how to identify the "odor of burned marijuana." The record does not show that he had any training on how marijuana or other contraband is "normally wrapped," nor that his "hearsay" impression on that subject was received from any reliable source, nor that he developed it in the course of his experience in law enforcement.

Given this limited authenticating background, the officer's "hearsay" certification would not have supported the issuance of a valid warrant authorizing a search of packages with the outward appearance shown here. Given the same background, I am unwilling to rely on the "hearsay" as a basis for determining that he could constitutionally open and search the packages without any warrant at all. Lacking "exigent circumstances" as well (see my fn. *ante*), I conclude that the sealed packages were protected by the Fourth Amendment and that their contents should have been suppressed. (*Arkansas* v. *Sanders, supra,* 442 U.S. 753 at pp. 763-764 [61 L.Ed.2d 235 at pp. 244-246]; compare *id.,* at p. 764, fn. 13 [61 L.Ed.2d at p. 245]; see also *People* v. *Dalton, supra,* 24 Cal.3d 850 at pp. 855-858; *People* v. *Minjares* (1979) 24 Cal.3d 410, 423-424 [153 Cal.Rptr. 224, 591 P.2d 514].) I would accordingly reverse the judgment of conviction in its entirety.

Appellant's petition for a hearing by the Supreme Court was denied April 30, 1980. Bird, C. J., and Tobriner, J., were of the opinion that the petition should be granted.