393 So.2d 694 (1981)
STATE of Louisiana
v.
Jose F. CASILLAS
No. 80-K-1564.
Supreme Court of Louisiana.
January 26, 1981.
*695 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Leon A. Cannizzaro, Asst. Dist. Attys., for plaintiff-relator.
Michael L. Karmazin, for defendant-respondent.
LEMMON, Justice.[*]
The only issue presently before the court in this case is the correctness of the trial court's judgment ordering suppression of the marijuana seized from defendant's truck by two police officers.[1]
On May 20, 1980 Officers Jacobs and Norton were conducting a routine traffic check at a busy intersection. As defendant approached in a pickup truck, Officer Norton noticed that the truck's inspection sticker was expired and ordered defendant to stop his truck on the side of the road. Defendant at first appeared to comply, but then drove away. Officer Norton pursued defendant on a motorcycle for several blocks and through two stop signs before defendant finally stopped.
Officer Norton began writing a ticket and asked defendant to produce his driver's license and the registration papers for the truck. In the meantime Officer Jacobs arrived at the scene and observed defendant through the window on the passenger side. As defendant reached into his glove compartment to obtain his registration papers, he accidentally displaced a blanket covering a large object on the seat and exposed a bundle wrapped in burlap. From his vantage point, Officer Jacobs could clearly see the rectangular, tightly bound, burlap-covered bundle, about two and a half feet long and a foot square, sewn on the ends, with a silver carpet tape bearing the inscription "seventy five pounds". Jacobs immediately recognized the type of packaging used in bundling marijuana for wholesale distribution. He placed defendant under arrest and seized the package. When he opened the package, he verified that it did indeed contain marijuana. Defendant was ultimately charged with possession of marijuana with intent to distribute.
The principal issue as to suppression of the seized evidence is whether the bundle *696 was in fact readily recognizable as contraband, thereby justifying its seizure. Clearly, the officers had a right to stop the defendant after they observed his expired inspection sticker and he attempted to elude them. The observation of the marijuana was inadvertent, and the circumstances otherwise justified a warrantless seizure.[2]
As to the immediately recognizable nature of the bundle, the evidence established that Officer Jacob's training and experience qualified him to draw such a conclusion from his observations. His job had brought him into contact with marijuana packaged in this unique fashion on several prior occasions, in connection with arrests made by him as well as arrests made by fellow officers. Additionally, he had attended narcotics training schools sponsored by the New Orleans Police Department and by the Drug Enforcement Administration of the United States Department of Justice.
Furthermore, defendant's unexplained and unexpected flight from detention for a minor traffic infraction gave added color to the policeman's observations.[3] The fact that the bundle appeared to have been concealed initially by the cloth, which was knocked aside when defendant reached for his registration papers, also lent support to the officer's conclusion.
Thus, once the bundle was observed by the officer under these circumstances, he had a right to seize it.[4] This bundle was, to the officer's trained eye, easily recognizable as contraband (a bundle of marijuana) because of its size, shape and manner of packaging. See also People v. Robbins, 103 Cal. App.3d 32, 162 Cal.Rptr. 780 (Cal.App.1980); United States v. Roberts, 619 F.2d 379 (5th Cir. 1980).
Finally, the warrantless opening of the bundle was reasonable under the circumstances. Here, unlike Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), the officer was not dealing with a repository for personal effects, such as a purse or suitcase, but with an object in which defendant had little expectation of privacy. Moreover, even if the entire package was not in plain view (as defendant contends), the officer had probable cause to search, once he saw what he reasonably believed to be marijuana, under the existing circumstances.
We conclude that the trial court erred in sustaining defendant's motion to suppress.
Accordingly, the ruling of the trial court on the motion to suppress is reversed, and the motion is overruled. The case is remanded for further proceedings.
NOTES
[*] Judges Guidry, Foret and Laborde of the Court of Appeal, Third Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] This court granted the district attorney's application for certiorari in order to review that ruling. 391 So.2d 460 (La. 1980).
[2] Compare State v. Parker, 355 So.2d 900 (La. 1978), in which this court suppressed marijuana observed and seized by officers from an automobile which was unoccupied and parked on a street. While plain view does not alone justify a warrantless seizure, in this case the presence of the package in a vehicle whose driver was alerted to the presence and suspicions of police constituted circumstances which made the immediate seizure reasonable.
[3] See State v. Abadie and Schielder, 390 So.2d 517 (La. 1980), in which several men were observed carrying a safe into a house in the middle of the night, and one of them later fled at the slight of police officers.
[4] See State v. Dupuis, 378 So.2d 934 (La.1979), in which this court upheld seizure of bundles of marijuana seen by officers as the bundles were being loaded into trucks.