SCHEB, Chief Judge.
Appellant John F. Benningfield challenges his conviction for trafficking in marijuana. He contends that the trial court erred in denying his motion to suppress the warrantless seizure of marijuana from the trunk of his automobile, and he attacks the constitutionality of section 893.135, Florida Statutes (1981). We reject both arguments.
Sergeant Grosser, an experienced narcotics officer with the Lee County Sheriff’s Department, was told by an informant from whom he had received reliable information in the past, that a group of men were in the lounge of a local motel planning a drug transaction. Ten minutes later, Grosser and a federal narcotics officer accompanied the informant to the motel where they encountered the suspects and overheard them discussing the drug transaction. The group of suspects divided, some entering a Torino automobile and the rest entering an Oldsmobile. The officers immediately followed the two vehicles which ultimately arrived at a warehouse. While surveying the warehouse they observed the Torino leave and saw appellant load what appeared to be several bales of marijuana into the trunk of the Oldsmobile. Sergeant Grosser then stopped the Oldsmobile as it began to leave the warehouse area. Upon opening the trunk of the vehicle, he smelled a strong aroma of marijuana. He saw several packages wrapped in black Yisqueen, one of which had marijuana residue on it. The officer had the vehicle towed to police headquarters where the trunk was again opened and the bales removed and tested.
Appellant contends that the opaquely wrapped packages could not be opened without a search warrant even though they were discovered in an automobile which an officer had probable cause to stop. He relies on Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), in which two highway patrol officers stopped an individual’s vehicle because he had been driving erratically. Upon smelling marijuana smoke, one of the officers searched the passenger compartment of the station wagon and found marijuana. The officers then lifted up a recessed luggage compartment where they discovered two packages wrapped in green opaque' plastic. The packages, when unwrapped, were also found to contain marijuana, and as a result the driver was charged with various drug offenses. He moved to suppress the evidence seized on the ground that the search violated his constitutional rights. However, the trial court denied his motion, and the court of appeal affirmed, holding that the warrantless opening of the package was constitutionally permissible. People v. Robbins, 103 Cal.App.3d 34, 162 Cal.Rptr. 780 (1980).
On certiorari the United States Supreme Court reversed and held that the warrant-less opening of the two packages constituted an unreasonable search and seizure. The Court noted that the diminished expectation of privacy in an automobile supported by its inherent mobility does not extend to closed containers inside the automobile. Even so, the Court acknowledged that not all containers and packages deserve fourth amendment protection. Some, by their *470 very nature, whether by their distinctive configuration or otherwise, cannot support a reasonable expectation of privacy. Applying the rationale of Robbins, the Supreme Court of Florida recently held that a warrant is not required if an officer can determine by the container’s appearance that the suspect would not have a reasonable expectation of privacy or if the contents of the package or container are in plain view. Adoue v. State, 408 So.2d 567 (Fla.1982).
We feel that this case falls within the Robbins exception to the warrant requirement. Experienced officers who had observed numerous bales of marijuana testified that they knew from the outward appearance of the bales that they contained marijuana. They observed the bales from a distance before stopping appellant’s vehicle and observed them close at hand after they stopped the vehicle. In addition to noting the singular appearance of the packages, they saw marijuana residue on top of one of them. Thus, unlike the luggage in Robbins, the packages here clearly revealed their contents. It follows, therefore, that appellant had no reasonable expectation of privacy in the bales of marijuana, and that the warrantless search and seizure did not violate his fourth amendment rights.
Appellant’s challenge to the constitutionality of section 893.135, Florida Statutes (1981), has no merit in light of State v. Benitez, 395 So.2d 514 (Fla.1981).
AFFIRMED.
SCHOONOVER, J., concurs.
GRIMES, J., concurs specially with opinion.