SHANGLER, Judge.
The defendant Bowyer was convicted of the possession of thirty-five grams or less of marihuana in violation of §§ 195.020.1 and 195.200.1(l)(a), RSMo 1978. The trial was to the court, and a sentence of sixty days in the county jail was imposed. The defendant contends there was not sufficient evidence to sustain conviction, and we agree. We order the defendant discharged.
The defendant was stopped by a trooper of the Highway Patrol as he operated a Chevrolet on the highway at an excessive rate of speed. The trooper observed a feathered clip which dangled from the rear-view mirror of the automobile, and recognized it as a paraphernalia used to smoke marihuana. He could see that the roach clip was discolored, as from use. The officer requested the defendant, the driver, to step from the automobile. The estranged wife of the defendant, and the owner of the vehicle, was seated in the other front seat. She also removed from the automobile at the request of the officer. The trooper took possession of the clip, opened the console located between the two front seats and there found a tupperware container with what appeared to be a partially-smoked and hand-rolled marihuana cigarette. Another roach clip was found in the glove compartment. The driver Bowyer was placed in arrest and charged for the possession of the controlled substance. The laboratory confirmed that the cigarette was, indeed, marihuana.
The evidence was that the automobile was owned by Sarah, the estranged wife of the defendant — the occupant of the other front seat at the time the vehicle was stopped by the trooper. Although she referred to herself as the “ex-wife” of the defendant, in fact they were still married, but had been separated for a year and did not live together. It happened that earlier that day, he asked Sarah for a ride to a nearby village to pick up his sister-in-law. She acceded, but asked him to drive, as she was tired and sleepy. The husband [defendant] had not been in the car for some six months. It was during that ride that the trooper stopped the vehicle for excessive speed. The wife explained to the trooper, and then at the trial, that no one but herself had access to the car, and explained the presence of one of the roach clips [the discolored one] and of the container as materials she confiscated from her brother several days before and was about to turn into the police. The brother had brought them into her home and she did not wish them to remain there out of concern for her three children. The other roach clip — the device found in the glove compartment — she had received from a male performer and was kept on that account [as a souvenir, we presume]. The wife testified that the defendant never had possession of any of those items nor had he *847 any knowledge that they were in the automobile.
The trooper took the defendant to the Zone Office from the scene in the patrol car, while the wife followed in the other vehicle. In the course of that transport, the trooper and defendant conversed. In response to inquiry as to whether the marihuana was his, the defendant Bowyer replied that the substance belonged to the brother of Sarah, and that she intended to turn it over to the police.
The trooper was then asked:
“Did he [defendant] ever indicate to you that he was claiming ownership or knowledge of the existence of that marihuana?”
The trooper replied:
“He made the statement in the Zone Office that, ‘You got me,’ was I believe his words.”
The trooper did not record those words in his report and, in fact, he considered neither the words nor “the conversation that we had very important.”
To sustain a conviction for the possession of a controlled substance under § 195.020, the prosecution must prove that the defendant knowingly and intentionally possessed the proscribed substance. State v. Barber, 635 S.W.2d 342, 343[2-4] (Mo.1982). That is to say, that to convict, the evidence must prove a conscious possession: that the defendant both knew the nature of the presence of the substance and that he had some conscious control over it. State v. Burns, 457 S.W.2d 721, 725[3, 4] (Mo.1970). For the penal purposes of the statute, actual possession need not be shown, proof of constructive possession suffices. State v. Worley, 375 S.W.2d 44, 47[4, 5] (Mo.1964); State v. Stewart, 542 S.W.2d 533, 588[11-14] (Mo.App.1976). The possession which the narcotics law prohibits, therefore, is not proprietary only but also such an exercise of control over drugs not in physical possession as will give rise to an inference of possession. In either case, the possession need not be exclusive but may be shared and is culpable only where the accused knew of the contraband and had control of the substance. State v. Norris, 460 S.W.2d 672, 677[5] (Mo. banc 1970); State v. Berry, 488 S.W.2d 667, 668[1 — 4] (Mo.App.1972).
In a case where an accused is in exclusive control of premises, the law makes the inference that a contraband substance found there also rests within his possession and control. State v. Wiley, 522 S.W.2d 281, 292[20, 21] (Mo. banc 1975). This rule rests on the logic that no one other than the exclusive proprietor could control and so account for — the drugs. State v. Funk, 490 S.W.2d 354, 360[8] (Mo.App.1973). In a case where premises are shared, a like inference of possession of contraband does not arise in the absence of additional circumstances to inculpate the accused. State v. McGee, 473 S.W.2d 686, 687 (Mo.1971); State v. Berry, supra, l.c. 668[l-4]. Nor does the status of husband and wife between the persons found on the shared premises amidst the contraband give rise to a presumption of joint control. State v. Lowe, 574 S.W.2d 515, 518[4] (Mo.App.1978). The circumstances which suffice to prove a conscious possession of contraband by a person in joint control of the premises include: routine access to an area in which contraband substances are kept [State v. Kerfoot, 675 S.W.2d 658, 661[9] (Mo.App.1984) ]; the presence of large quantities of the substance at the scene where the accused is arrested [State v. Barber, supra, l.c. 344]; admissions to the police by the accused [State v. Wiley, 522 S.W.2d 281, 292[26] (Mo. banc 1975) ]; and the variety of incidents described in the cases cited in State v. Rivers, 554 S.W.2d 548 (Mo.App.1977, n. 2) ]. The mere presence of the accused on the shared premises where the drugs are found, however, does not suffice to convict for possession. State v. Wiley, 522 S.W.2d 281, 292[22-25] (Mo. banc 1975). Nor does proximity to the contraband, alone, even as to a substance in plain sight, tend to prove ownership or possession as among several persons who share the premises. State v. Moore, 659 S.W.2d 252, 255[3-5] (Mo.App.1983).
*848 In State v. Barber, 635 S.W.2d 342 (Mo.1982), the defendant was found in a bedroom of the apartment in which a large quantity of controlled substance was found. Seven other adults were found on the premises at the time of the arrest. There was no evidence that the defendant had regular use, exclusive or joint, of the room — only his presence in the room was shown. The court reversed the conviction for possession of heroin, since neither exclusive possession of the premises was shown, nor that joint use was with the conscious control over the substance. In State v. Lowe, 574 S.W.2d 515 (Mo.App.1978), evidence that officers discovered marihuana on premises shared by a husband and wife was insufficient to convict the husband for possession of the substance where the husband had been on the premises only intermittently for two weeks before the discovery, since the spouses had quarreled, and where the wife had the only keys to the premises. Then, also, in State v. Moore, 659 S.W.2d 252 (Mo.App.1983), an officer looked through a window of a residence, saw defendant and another asleep in the living room and saw also an open container of marihuana on a table near the defendant. The officer returned with a search warrant, and the defendant was still asleep, but the other person was gone — and the marihuana was no longer in sight. We reversed the conviction for possession because at the time of arrest, there was no reasonable basis for the determination [that is, probable cause to believe] that the defendant possessed the substance, other than from mere presence.
These principles, developed in the context of premises, govern with a like validity to other occupants and enclosures — such as the driver and occupants of a motor vehicle. Thus, in People v. Boddie, 274 Cal.App.2d 408, 80 Cal.Rptr. 83 (1969), evidence that the defendant was under the influence of a narcotic while a passenger in a ear operated by a driver also under the influence of a narcotic was not sufficient to prove that the defendant passenger knew of the presence of narcotics — and hence to sustain conviction for unlawful possession of the substance. The court reasoned, on familiar principle [l.c. 85] that “constructive possession is sufficient and possession by a person when the defendant has an immediate right to exercise dominion and control over the narcotic will support a conviction” —but that such possession is not shown by mere presence on “premises” not exclusively possessed. Nor on these principles does a conviction for possession lie on evidence that the defendant was merely present and associated with the person who controlled the drug in the automobile where the substance was found. Harris v. Blackburn, 646 F.2d 904, 906[3, 4] (5th Cir.1981). Similarly, the court determined in Woolridge v. State, 514 S.W.2d 257 (Tex.Crim.App.1974) that the presence of the defendant driver, and sole occupant, of a car turned over by a friend for repairs was not sufficient to convict for the possession of marihuana discovered taped under the glove compartment. The proof required was of a conscious possession: the needed evidence was [l.c. 258] “independent facts and circumstances” that defendant “exercised care, control and management over the object and that he knew the object he possessed was contraband.”
The reality of the contemporary use of the automobile as a means of social accommodation has tempered the evolved rule as to premises: that an owner in exclusive possession of premises is deemed to know, and hence, to possess what the premises contain. State v. Wiley, 522 S.W.2d 281, 292[21] (Mo. banc 1975); State v. Lowe, 574 S.W.2d 515, 517[3] (Mo.App.1978). In the case of automobiles the full effect of that rule is tempered by evidence of equal access by persons, other than the owner, to the vehicle [Farmer v. The State, 152 Ga.App. 792, 264 S.E.2d 235, 238[2] (1979)]:
Where immediate and exclusive possession of an automobile, locker room, or other premises is shown, the inference is authorized that the owner of such property is the owner of what is contained therein ... However, as to automobiles, the rule does not apply where there is *849 evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it.
Also: Commonwealth v. Wisor, 466 Pa. 527, 353 A.2d 817 (1976).
The prosecution of defendant Bow-yer was for possession of marihuana. The evidence for conviction rests, if at all, not on principles of exclusive possession, but of shared possession, of premises. Thus, the inference of possession of the contraband substance found in the automobile does not arise from the fact of joint possession of those premises alone, but only from evidence of additional circumstances which inculpate the accused. State v. McGee, supra, l.c. 687; State v. Berry, supra, l.c. 668[-4]. The evidence shows no additional inculpatory circumstance — other than the presence of the accused in the place where the substance was found — essential to the proof of that conscious possession, and hence conviction.
In this case, the only evidence with even the color of culpability was the roach clip in plain view and the statements made by the defendant to the trooper as he was taken to the Zone Office. The trier of fact could assume with reason that, once in the automobile, any driver could not neglect to notice the roach clip as it dangled from the rearview mirror. The possession of the clip is proscribed by § 195.020.2 as a drug paraphernalia. The defendant was not charged with possession of paraphernalia, but of marihuana. To assume that the driver knew the illicit purpose of the roach clip, however, does not prove that he also knew of the marihuana concealed in the console. The spouses were estranged the full year and Bowyer had not been in the vehicle for some six months, and the clear inference was that only the wife had a key to the vehicle. The wife-owner was an occupant and present in the vehicle that day throughout the drive and at the time of arrest. It was her evidence that she had removed the roach clip and container [with marihuana], which the brother had brought into the home, and placed them in the ear some days before, preparatory to delivery of those items to the police. These circumstances prove conscious possession of the marihuana by the wife, and not the defendant.
The law does not impute to one spouse the admitted possession of contraband by the other on premises shared by them. That is because possession is the very gist of such a criminal offense [State v. Young, 427 S.W.2d 510, 513[2-6] (Mo.1968)], and our law no longer indulges the fictive assumption that spouses so share an identity that one may be blamed for crimes committed by the other on family premises. State v. Lowe, supra, l.c. 518; State v. Funk, 490 S.W.2d 354 (Mo.App.1973).
What remains is the narrative the defendant gave the trooper. In response to the probe by the trooper as to his knowledge of the presence and nature of the marihuana, the defendant merely iterated what the wife told the officer: that the substance and paraphernalia belonged to a brother from whom she took them to give over to the police. As to whether the defendant ever indicated to the trooper that he claimed ownership or knew of the existence of the marihuana [as the question was framed and put to the witness trooper], the officer related that Bowyer simply replied: “You got me.” The prosecution contends, without other elaboration, that the response was an inculpation — and hence [presumably] that additional circumstance sufficient to prove conscious possession, and guilt. The response, as related by the trooper, was to a compound inquiry, and out of context, is difficult to interpret. It is certain from his very testimony, however, that the trooper did not consider the statement “important,” and did not even bother to record the content in the official report. That is to say, that even within the immediate context of events and conversation, the trooper did not consider the response an inculpation.
Were the statements an indication that the defendant knew of the presence1 of the marihuana in the vehicle [an inference that *850 evidence does not warrant], that fact does not yet prove that control of the substance which amounts to the conscious possession required for conviction. State v. Wiley, supra, l.c. 292[20-25]; State v. Lowe, supra, l.c. 517[1, 2]; State v. Norris, supra, l.c. 677[5, 6]; State v. Berry, supra, l.c. 667[l-4], The control of the defendant was limited to the operation of car while the owner, too tired to drive, rode along.
The charge was not proven. The defendant is discharged.
All concur.