[Crim. No. 19803. July 28, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
HECTOR SOLARIO, Defendant and Appellant.

## COUNSEL

William P. Min, under appointment by the Supreme Court, for Defendant and Appellant.

Roger S. Hanson as Amicus Curiae on behalf of Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Lawrence P. Scherb II and Joyce Luther Kennard, Deputy Attorneys General, for Plaintiff and Respondent.

John K. Van de Kamp, District Attorney (Los Angeles), Harry B. Sondheim and Barry R. Levy, Deputy District Attorneys, as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**CLARK, J.**—Following denial of his motion to suppress evidence (Pen. Code, § 1538.5, subd. (i)), defendant pleaded guilty to second degree burglary (Pen. Code, § 459). Seeking review of the search and seizure issue, he appeals from the judgment · of conviction (order granting probation) entered on his guilty plea. (Pen. Code, § 1538.5, subd. (m).)

■ We hold that a police officer, having probable cause to believe a residence is being burglarized, need not comply with the "knock and notice" requirements of Penal Code section 844 before entering to arrest the burglar. As we demonstrate below, consideration of the purposes for section 844 must lead to this conclusion, as the Court of Appeal recognized nearly a decade ago. (See *People* v. *Ortiz* (1969) 276 Cal.App.2d 1, 5 [81 Cal.Rptr. 469]; *People* v. *Sanchez* (1969) 2 Cal.App.3d 467, 473 [82 Cal.Rptr. 582].)

### FACTS

Officer Robert Freet of the Los Angeles Police Department investigated a burglary of an apartment building at 135 North New Hampshire Street. The victim had observed two men standing outside his apartment when he left at 11 a.m.; when he returned at 1:30 p.m. he discovered the burglary. The suspects were of Latin extraction, 5 feet 6 inches to 5 feet 10 inches tall, 17 to 20 years old, wearing T-shirts and blue jeans. Marks on the jamb indicated the burglars had entered the apartment by prying open the door with a screwdriver.

Ten days later, Officer Freet observed two men fitting the suspects' descriptions leave an apartment building opposite No. 135, glance up and down the street, then enter No. 135. The officer parked his patrol car, entered the building and checked the apartment doors on each floor for signs of forced entry. On the fourth floor he found a door which appeared to have been pried open recently with a screwdriver. The door was one-third open. Through the opening Officer Freet observed defendant, one of the men he had followed into the building, remove several pieces of jewelry from a dresser and place them on a bed. Also on the bed was a screwdriver. Believing a burglary was in progress, the officer entered the apartment, saying as he entered "Police officer." He arrested defendant and the other man.

## DISCUSSION

Section 844 provides in pertinent part: "To make an arrest ... a peace-officer, may break open the door or window of the house in which the person to be arrested is ... after having demanded admittance and explained the purpose for which admittance is desired." When the section is applicable unexcused failure to satisfy its precepts renders a subsequent search and seizure "unreasonable" within the meaning of the Fourth Amendment, requiring exclusion of evidence obtained. (*Duke* v. *Superior Court* (1969) 1 Cal.3d 314, 324-325 [82 Cal.Rptr. 348, 461 P.2d 628], and cases cited therein.)

Section 844 "derives from quite ancient common law protections of the right of the homeowner." (*Duke* v. *Superior Court, supra,* 1 Cal.3d 314, 318, fn. 4.) To determine the section's applicability under the circumstances of this case we must consider its underlying purposes and policies as set forth in *Duke* v. *Superior Court, supra*: "(1) the protection of the privacy of the individual in his home; (2) the protection of innocent persons who may also be present on the premises where an arrest is made; (3) the prevention of situations which are conducive to violent confrontations between the occupant and individuals who enter his home without proper notice; and (4) the protection of police who might be injured by a startled and fearful householder." (1 Cal.3d at p. 321, citations omitted.)

None of these policies would be served by requiring compliance with section 844 when an officer has probable cause to believe a burglary is in progress. To the contrary, requiring the officer to identify himself, announce his purpose and demand entry in such circumstances would

impede the officer in protecting the householder's privacy and property from the thief. Worse, it would jeopardize the officer's safety, as well as the safety of the householder and other innocent persons present on the premises, by giving the burglar the opportunity to fortify his position and to take hostages.

Finally, defendant's reliance on the vicarious exclusionary rule is misplaced. Under that rule a criminal defendant is entitled to object to the introduction of evidence illegally seized from a third person. (*Kaplan* v. *Superior Court* (1971) 6 Cal.3d 150, 155 [98 Cal.Rptr. 649, 491 P.2d 1]; *People* v. *Martin* (1955) 45 Cal.2d 755, 759-761 [290 P.2d 855].) But the evidence introduced against defendant was *not* illegally seized from a third person. The "third person" would be defendant's victim, the householder. Officer Freet did not violate the householder's right to privacy by entering his residence to arrest defendant, he protected it. Therefore, there is no illegal seizure of which defendant may vicariously complain.

The judgment is affirmed.

Bird, C. J., Tobriner, J., Richardson, J., Manuel, J., and Sullivan, J.,* concurred.

Mosk, J., concurred in the judgment.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.