[Crim. No. 18700. First Dist., Div. Four. Aug. 29, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ALAN SIMS, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Eric S. Multhaup, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Ronald E. Niver and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

POCHÉ, J.—David Alan Sims was convicted following a jury trial of possession and transportation of LSD (Health & Saf. Code, §§ 11377, subd. (a) and 11379, subd. (a).) The appeal is from the judgment. Prior to trial, his motions to dismiss the information (Pen. Code, § 995) and to suppress evidence (Pen. Code, § 1538.5) were denied.

At about 3 a.m. on December 3, 1977, Police Officers Gourley and Odom pulled behind appellant's car which was stopped at a red light in the Town of Willits. When the light changed, appellant's car failed to proceed for about 15 seconds, then moved forward very slowly, at perhaps 10 miles per hour, for approximately 100 yards. At that point the officers stopped appellant for investigation of drunk driving. From outside the car, they observed what they believed to be "flakes" of marijuana on appellant's shirt and lap. Officer Odom inquired of appellant, "Where is the rest of the marijuana?", to which he replied, "Oh, please officer." When the officer repeated the question appellant replied that the rest of the marijuana was in the briefcase on the front seat of the car. Appellant started to reach for the briefcase, but was advised not to do so by the officers. He complied, replying, "Okay, you do it." There is no contention on appeal that this amounted to consent to the search.

Then appellant was asked to get out of the car. Officer Gourley administered several field sobriety balance and coordination tests which appellant passed. Meanwhile, Officer Odom searched the interior of the car and also the closed and double-latched briefcase which was found to contain a baggie with less than an ounce of marijuana, and approximately 90 pills containing LSD.

Officer Odom testified that he did not in any way feel threatened by appellant, was not concerned that appellant might grab a weapon from the briefcase, and did not believe that appellant could have reached or destroyed any evidence that might have been contained in the briefcase.

■ In reviewing the failure to suppress the LSD, the principal issue is whether under *United States* v. *Chadwick* (1977) 433 U.S. 1 [53 L.Ed.2d 538, 97 S.Ct. 2476], the officers were required to apply for a warrant prior to searching the briefcase.[1]

Clearly visible marijuana flakes gave rise to sufficient probable cause to search for more contraband in the interior of the car. (*Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 564 [128 Cal.Rptr. 641, 547 P.2d 417].) But search of the closed briefcase without a warrant requires more than probable cause. Once closed luggage comes under the exclusive control of law enforcement officers, a warrantless search requires not only probable cause but also exigent circumstances. (*Chadwick, supra,* at pp. 15-16 [53 L.Ed. at pp. 550-552]; accord, *Arkansas* v. *Sanders* (1979) 442 U.S. 753 [61 L.Ed.2d 235, 99 S.Ct. 2586]; *People* v. *Minjares* (1979) 24 Cal.3d 410, 423 [153 Cal.Rptr. 224, 591 P.2d 514]; *People* v. *Dalton* (1979) 24 Cal.3d 850, 860 [157 Cal.Rptr. 497, 598 P.2d 467].) If there was ever any doubt whether briefcases are entitled to the protection luggage was afforded in *Chadwick,* that doubt is now dissipated. (*United States* v. *Schleis* (8th Cir. 1978) 582 F.2d 1166, 1170, cited with approval in *People* v. *Minjares, supra,* at pp. 418, 420.)

Exigency has been limited to those circumstances in which either the police officers' safety or the preservation of the evidence is placed in jeopardy. (*United States* v. *Chadwick, supra,* at p. 15 [53 L.Ed.2d at pp. 550-551]; *Arkansas* v. *Sanders, supra,* at pp. 753, 763-764, fn. 11 [61 L.Ed.2d at pp. 235, 245]; *People* v. *Minjares, supra,* at p. 419; *People* v. *Dalton, supra,* at p. 857.) Neither exists here. Appellant was outside his car in Officer Gourley's custody at the time. Officer Odom, who conducted the search, was never worried about appellant grabbing either a weapon or evidence from the briefcase. The People argue that the fact that appellant could not be held pending issuance of a warrant is itself an exigency. Mobility of the suspect does not change the Fourth Amendment. It would be inherently contradictory to require a warrant to search the briefcase of a person when probable cause exists to arrest

---

[1]The People's contention that appellant failed to raise this issue at the trial level is not supported by the record. Although appellant did not specifically cite to *Chadwick,* both points and authorities in support of the Penal Code section 995 motion, and argument on that motion, maintained that the search of the briefcase involved a violation of appellant's reasonable expectation of privacy, and that because appellant was outside the car when the search took place, a warrant should have been procured prior to its search.

him but to eliminate the warrant requirement where there is no probable cause to arrest.

Because no exigency appears, the clear constitutional directive given by the United States Supreme Court applies without qualification: no search of the closed briefcase was permissible without a search warrant.

The People do not seriously attempt to distinguish *Chadwick*, but rather argue that an immediate search in a case where the suspect cannot be arrested is "less intrusive" than seizure of his property in order to obtain a warrant. That argument was also made in *Bell* v. *Superior Court* (1980) 101 Cal.App.3d 238 [161 Cal.Rptr. 455]. It was rejected there as it had been by the California Supreme Court in *Minjares*. Both decisions point out that the suspect always has the option to consent to an immediate search. (*People* v. *Minjares, supra*, at p. 423.)

If additional authority is necessary, the recent decision in *Bell* v. *Superior Court, supra*, is on all fours with the instant case. There, after the officers stopped a car for a traffic infraction, they detected a faint odor of marijuana and observed some marijuana roaches in the ashtray. Upon searching the interior of the car, the police found behind the driver's seat, on the floor, an athletic bag which was searched on the spot. It was found to contain more marijuana. In *Bell*, as in the instant case, prior to the search of the athletic bag, there was probable cause to search the car's interior, but no probable cause to make a custodial arrest. The court in *Bell* held that following seizure of the athletic bag, a search warrant was required prior to its search.

We conclude it was proper to seize the briefcase, but constitutionally improper to search it without first complying with the Fourth Amendment's requirement: a search warrant.

Appellant's reply to Officer Odom's repeated question, "Where is the rest of the marijuana," cannot be used to provide probable cause for a warrantless search. His answer is not usable because it is the product of an obvious *Miranda* violation. That point was driven home in a virtually identical case decided by this court 10 years ago. In *People* v. *Abbott* (1970) 3 Cal.App.3d 966 [84 Cal.Rptr. 40], a policeman approached a teenager on the street on the basis of an informant's tip that he possessed "grass." The officer asked the boy what he had in his pocket. The youth produced several items, but no marijuana. The officer again asked him what he had in his pocket. This time he produced a plastic

container of marijuana. This court, in an opinion by Christian, J., found suspicion of possessing marijuana had focused specifically upon the defendant at the time of the interrogation, the question was clearly intended to elicit an incriminating response, and the suspect's reaction indicated that he believed himself deprived of his freedom of action. (See, *People* v. *Arnold* (1967) 66 Cal.2d 438, 448 [58 Cal.Rptr. 115, 426 P.2d 515].) This instant case is indistinguishable except for the added circumstance that at the time Officer Odom questioned appellant he was not only suspected of marijuana possession, but was visibly in possession of a sufficient amount to be in violation of Health and Safety Code section 11377, subdivision (b). (See also, *People* v. *Herdan* (1974) 42 Cal.App.3d 300 [116 Cal.Rptr. 641]; *People* v. *Layton* (1972) 29 Cal.App.3d 349 [105 Cal.Rptr. 509].)

We cannot agree with the People's contention that because they could not take appellant into custody for possession of less than an ounce of marijuana, the officers' questions at that point did not amount to a custodial interrogation, but were merely investigatory. ■ *Miranda* is triggered whenever a person is interrogated by law enforcement officers while in custody or while otherwise deprived of his freedom of action in any significant way. (*Miranda* v. *Arizona* (1966) 304 U.S. 436, 444 [16 L.Ed.2d 694, 706, 86 S.Ct. 1602, 10 A.L.R.3d 974].) The question here was highly accusatory. (See *People* v. *Herdan, supra,* at p. 307, fn. 12.) Appellant had become a suspect in an investigation which had focused upon him with regard to his possession of contraband drugs, and was not free to leave the scene. This is to be contrasted to the circumstances of *People* v. *Manis* (1969) 268 Cal.App.2d 653 [74 Cal.Rptr. 423], cited by respondent, in which the police stopped a suspicious looking person carrying an unprotected new typewriter through a pouring rain to a pawnshop to make inquiry of him on the suspicion that the typewriter might be stolen. The very nature of the question in the case at hand presupposed appellant's possession of evidence of the crime, and was not merely investigatory.

Thus, it was error not to grant the section 1538.5 motion.

The judgment is reversed.

Caldecott, P. J., concurred.

**CHRISTIAN, J.**—I respectfully dissent.

Independent of the statement that appellant alleges to have been the product of a *Miranda* violation, the marijuana flakes visible on appellant's shirt and lap supplied sufficient probable cause to search for more contraband in the interior of his car and in the briefcase located therein. (See *Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 564 [128 Cal.Rptr. 641, 547 P.2d 417].) It is thus unnecessary to consider the *Miranda* problem for purposes of determining probable cause. (Cf. *People* v. *Herdan* (1974) 42 Cal.App.3d 300, 309-310 [116 Cal.Rptr. 641].)

The warrantless search of the briefcase, however, required more than probable cause. Once closed luggage such as a briefcase is brought within the exclusive control of law enforcement officers, a warrantless search requires exigent circumstances as well. (*United States* v. *Chadwick* (1977) 433 U.S. 1, 15-16 [53 L.Ed.2d 538, 550-552, 97 S.Ct. 2476]. Accord, *Arkansas* v. *Sanders* (1979) 442 U.S. 753, 766 [61 L.Ed.2d 235, 246, 99 S.Ct. 2586]; *United States* v. *Schleis* (8th Cir. 1978) 582 F.2d 1166, 1170; *People* v. *Dalton* (1979) 24 Cal.3d 850, 860 [157 Cal.Rptr. 497, 598 P.2d 467], cert. den. 445 U.S. 946 [63 L.Ed.2d 781, 100 S.Ct. 1345]; *People* v. *Minjares* (1979) 24 Cal.3d 410, 423 [153 Cal.Rptr. 224, 591 P.2d 514], cert. den. 444 U.S. 887 [62 L.Ed.2d 117, 100 S.Ct. 181].)

Exigent circumstances justifying a warrantless search of closed luggage normally occur within the context of threats to the safety of peace officers or to the preservation of evidence. (See, e.g., *United States* v. *Chadwick, supra*, 433 U.S. at p. 15 [53 L.Ed.2d at p. 550]; *Arkansas* v. *Sanders, supra*, 442 U.S. at pp. 759, 766 [61 L.Ed.2d at pp. 241, 246]; *People* v. *Dalton, supra*, 24 Cal.3d at p. 857.) But such circumstances were also present under the unusual facts of this case. The officers had probable cause to search appellant's briefcase, but did not yet have probable cause to detain him, because his possession of less than an ounce of marijuana (the flakes of marijuana on his shirt and lap) did not justify a custodial arrest. (Health & Saf. Code, §§ 11357, subd. (b), 11360, subd. (b). Cf. *Arkansas* v. *Sanders, supra*, 442 U.S. at p. 766 [61 L.Ed.2d at p. 246] [warrant required where police have lawfully detained suspect and secured his briefcase].) Even if the officers seized the briefcase and kept it until they secured a search warrant, ap-

pellant could have fled the jurisdiction before the officers obtained a warrant and found probable cause to arrest him.

The court thus did not err when it denied appellant's motions to dismiss the information and to suppress evidence. The warrantless search of his briefcase was justified by both probable cause and exigent circumstances.

I would affirm the judgment.