[Civ. No. 19799. Third Dist. Dec. 18, 1980.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
WILLIAM PAUL RHINEHART, Real Party in Interest.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Carla J. Caruso, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Kenneth M. Wells, Public Defender, and Marvin A. Peixoto, Assistant Public Defender, for Real Party in Interest.

OPINION

**PUGLIA, P. J.**—The People petition for a writ of mandate to review an order suppressing evidence obtained from the warrantless trunk search of an automobile. (Pen. Code, § 1538.5, subd. (o).) The suppression order was based on the absence of exigent circumstances to excuse the lack of a warrant. The existence of probable cause to believe the trunk contained evidence of crime was undisputed. We shall uphold the search and order a writ of mandate to issue.

The facts are not in dispute. At about 8 p.m. on November 29, 1979, Douglas Rau sat in his parked car in front of his girl friend's apartment. He observed real party in interest, William Paul Rhinehart (defendant), walk to the front of the apartment next door, look around, then proceed to the back of the apartment. Defendant made several trips between the rear of the apartment and a car parked behind the laundry building; another person also was walking back and forth between that same apartment and car. The two appeared to be carrying something in their hands.

Rau heard the sounds of breaking wood and glass coming from the rear of the building. He used the telephone at a nearby residence to notify police of a burglary in progress.

Soon Officer Reynolds arrived and Rau directed his attention to defendant and his companion who were running from the building toward the car. As Reynolds moved toward the suspect vehicle, defendant and his companion drove off at a high rate of speed.

Reynolds transmitted a radio broadcast that suspects in a burglary were fleeing in a vehicle which he identified by make and license number. Within minutes of receiving the broadcast, Officer Long observed the vehicle traveling at about 100 miles per hour with its lights out. Two persons were in the car. Long activated his lights and siren and pursued.

A high-speed chase ensued, lasting less than a minute. It ended when the suspect vehicle hit a tree and Long's patrol car struck its rear. Defendant, the driver, and his passenger fled on foot.

As a result of the accident, the suspect vehicle was inoperable. Long observed a box containing recording tapes in plain view in the passenger

compartment and later received a radio communication confirming that the burglary had occurred and that the only known loss was stereo equipment. Based on this additional information, Long used the keys to the vehicle to open and search the trunk; inside he found stereo equipment identified as stolen by the victim of the burglary. The officer had no search warrant. At the time of the trunk search, defendant and the other suspect had been apprehended and taken into custody and several officers were present at the scene. The vehicle later was towed away.

## DISCUSSION

■ The validity of the warrantless trunk search is dependent on the existence of two conditions: probable cause and exigent circumstances. (*People* v. *Cook* (1975) 13 Cal.3d 663, 669 [119 Cal.Rptr. 500, 532 P.2d 148]; *People* v. *Dumas* (1973) 9 Cal.3d 871, 884; see also *Chambers* v. *Maroney* (1970) 399 U.S. 42, 51-52 [26 L.Ed.2d 419, 428-429, 90 S.Ct. 1975].) ■ As to the first condition, the reasonableness of Officer Long's belief that the trunk of the suspect car contained stolen stereo equipment is not a contested issue. Indeed probable cause is amply demonstrated on the record. Eyewitnesses had identified the vehicle as that used by the burglars escaping from the scene of the crime (see *People* v. *Laursen* (1972) 8 Cal.3d 192, 201, fn. 8 [104 Cal.Rptr. 425, 501 P.2d 1145]) and stereo equipment known to have been stolen during the burglary was not found in the car's passenger compartment. Thus, the trunk quite naturally became the object of strong suspicion. (*People* v. *Dumas, supra*, 9 Cal.3d at p. 885; see also *Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 568-569 [128 Cal.Rptr. 641, 547 P.2d 417].)

■ In respect to exigent circumstances, the courts have long differentiated between the search of an automobile and a home or office. (*Chambers* v. *Maroney, supra*, 399 U.S. at p. 48 [26 L.Ed.2d a p. 426], citing *Carroll* v. *United States* (1925) 267 U.S. 132 [69 L.Ed. 543; 45 S.Ct. 280, 39 A.L.R. 790]; see also *United States* v. *Chadwick* (1977) 433 U.S. 1, 12 [53 L.Ed.2d 538, 548-549, 97 S.Ct. 2476].) Because of the automobile's mobility and the possibility of its being removed or evidence within it being displaced, the securing of a warrant in advance of a search may be impracticable and in some instances impossible. (*Carroll* v. *United States, supra*, 267 U.S. at p. 156 [69 L.Ed. at pp. 552-553]; *People* v. *Cook, supra*, 13 Cal.3d at p. 669; *People* v. *Dumas, supra*, 9 Cal.3d at p. 884.) Because of its size, the automobile also

is difficult to store securely and thus is "susceptible to theft or intrusion by vandals." (*United States* v. *Chadwick, supra*, 433 U.S. at p. 13, fn. 7 [53 L.Ed.2d at p. 550, fn. 7].) These unique characteristics often permit warrantless searches which in other contexts would be unreasonable. (*United States* v. *Chadwick, supra*, 433 U.S. at p. 12 [53 L.Ed.2d at pp. 548-549].) More recently, the courts have focused as well on the diminished expectation of privacy which surrounds the automobile as justification for the more relaxed standard. (*United States* v. *Chadwick, supra*, 433 U.S. at pp. 12-13 [53 L.Ed.2d at p. 549]; *Cardwell* v. *Lewis* (1974) 417 U.S. 583, 590 [41 L.Ed.2d 325, 335, 94 S.Ct. 2464]; *Cady* v. *Dombrowski* (1973) 413 U.S. 433, 441 [37 L.Ed.2d 706, 714-715, 93 S.Ct. 2523]; *South Dakota* v. *Opperman* (1976) 428 U.S. 364, 367 [49 L.Ed.2d 1000, 1004, 96 S.Ct. 3092].)

■ Recognizing this lower threshold of exigency associated with official intrusions into automobiles, both United States and California Supreme Court decisions have upheld an immediate, on-the-scene search of an automobile on a highway where there is probable cause to believe the automobile contains contraband or evidence of a crime. (*Carroll* v. *United States, supra*, 267 U.S. 132 [69 L.Ed. 543]; *People* v. *Cook, supra*, 13 Cal.3d at pp. 669-670; *People* v. *Dumas, supra*, 9 Cal.3d at p. 885; *People* v. *Laursen, supra*, 8 Cal.3d at p. 201.) Where the circumstances giving rise to the search are unforeseen, the immediate action is constitutionally permissible where a movable vehicle is involved because there is "no distinction of constitutional proportion between an immediate search on probable cause without a warrant and the automobile's immobilization until one is secured." (*People* v. *Laursen, supra*, 8 Cal.3d at p. 201; *Chambers* v. *Maroney, supra*, 399 U.S. at pp. 51-52 [26 L.Ed.2d at p. 428]; *People* v. *Remiro* (1979) 89 Cal. App.3d 809, 829-830 [153 Cal.Rptr. 89].) Moreover, where an on-the-scene search would be permissible but the police instead immobilize the vehicle by impoundment and then search it, the latter intrusion is of no greater or lesser constitutional significance and is likewise permissible. (*People* v. *Laursen, supra*, 8 Cal.3d at p. 202; *People* v. *Hill* (1974) 12 Cal.3d 731, 751 [117 Cal.Rptr. 393, 528 P.2d 1], overruled on other grounds in *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal. Rptr. 786, 558 P.2d 872]; *Emslie* v. *State Bar* (1974) 11 Cal.3d 210, 223 [113 Cal.Rptr. 175, 520 P.2d 991]; see also *Chambers* v. *Maroney, supra*, 399 U.S. at pp. 51-52 [26 L.Ed.2d at p. 428]; *Texas* v. *White* (1975) 423 U.S. 67 [46 L.Ed.2d 209, 96 S.Ct. 304].)

■ The federal and state Supreme Court cases impose no higher level of exigency to permit a warrantless search of a trunk than is required to search other areas of an automobile. (*People v. Cook, supra,* 13 Cal.3d at p. 670; *People v. Dumas, supra,* 9 Cal.3d at pp. 875, 885; *People v. Laursen, supra,* 8 Cal.3d at pp. 197, 201-202; *Emslie v. State Bar, supra,* 11 Cal.3d at pp. 218, 223; see also *Cady v. Dombrowski, supra,* 413 U.S. at pp. 442-443 [37 L.Ed.2d at pp. 715-716].) Although a greater expectation of privacy normally is associated with the enclosed trunk than with the more visible passenger compartment, no distinction is drawn in terms of exigency; the greater intrusion is justified rather upon a showing of probable cause relating to the trunk itself. (See *Wimberly v. Superior Court, supra,* 16 Cal.3d at pp. 567-568.)

■ Turning to the facts of the present case, we find exigent circumstances to justify the warrantless search of the suspect vehicle which was immobilized by accident during its flight from the scene of a burglary. Leaving the vehicle at the site of the accident until a warrant could be obtained was an impractical alternative. Although defendant and his companion were in police custody and thus incapable of removing stolen goods, others acting on their behalf could have returned to remove evidence. (See *People v. Laursen, supra,* 8 Cal.3d at p. 202.) Indeed, the wrecked and disabled vehicle constituted a nuisance on public property and the police had a substantial interest in towing it away. (See *Cady v. Dombrowski, supra,* 413 U.S. at pp. 442-443 [37 L.Ed.2d at p. 715].) As we have seen, whether the police searched the car's trunk on the scene or impounded it first are indistinguishable alternatives for Fourth Amendment purposes under both United States and California Supreme Court precedent. Given probable cause, either course was reasonable.

Relying on California Court of Appeal decisions, defendant nevertheless argues that the availability of several police officers at the time of the search rendered it possible to post a guard while a warrant was obtained or, alternatively, until the automobile was securely impounded and a warrant obtained. The argument relies upon recent California Supreme Court decisions dealing with warrantless searches of closed personal effects found within automobiles (*People v. Minjares* (1979) 24 Cal.3d 410 [153 Cal.Rptr. 224, 591 P.2d 514], cert. den. 444 U.S. 887 [62 L.Ed.2d 117, 100 S.Ct. 181], and *People v. Dalton* (1979) 24 Cal.3d 850 [157 Cal.Rptr. 497, 598 P.2d 467].) Defendant asserts the principle of these cases is equally applicable to car trunk searches. (See

*People* v. *Vodak* (1980) 105 Cal.App.3d 1014, 1017-1018 [164 Cal. Rptr. 785].)

We find no support however in the Supreme Court cases for defendant's argument. Both *Minjares* (24 Cal.3d at pp. 419, 423) and *Dalton* (24 Cal.3d at pp. 855-856) are narrow holdings which emphasize that searches of closed containers within automobiles involve considerations discrete from those involved in searches of the automobiles themselves. *Minjares* and *Dalton* relied heavily on *United States* v. *Chadwick, supra*, 433 U.S. at page 13, footnote 7 [53 L.Ed.2d at p. 550], which made the same distinction. Defendant's argument is founded only upon intermediate appellate-level authority. We rely on the more authoritative precedent.

Let a peremptory writ of mandate issue directing the superior court to vacate its suppression order and to enter a new order denying the motion to suppress. The stay previously issued will remain in effect pending the finality of this opinion at which time it will be discharged by operation of law.

Paras, J., and Wolters, J.,* concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied February 18, 1981.

*Assigned by the Chairperson of the Judicial Council.