Marteshia CLARK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10170.

Court of Appeals of Alaska.

May 21, 2010.

Margi A. Mock, Assistant Public Defender, Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecution and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### OPINION

BOLGER, Judge.

The police detained Marteshia Clark as a passenger in a reportedly stolen vehicle. The police searched the vehicle, finding packets of cocaine in a metal cigarette case left on the backseat. Clark challenges the superior court's conclusion that the search was justified as a consent search and a search incident to arrest. We conclude that the police were authorized to open the cigarette case based both on the vehicle owner's consent to a general search and on the circumstances suggesting that the case had been left on the backseat of a stolen vehicle.

### Background

On January 19, 2006, Susan Roatch notified the Fairbanks Police Department that her car had been stolen. Talking with Officer Avery Thompson, Roatch implicated a woman named Crystal in the theft. While Thompson was talking with Roatch at her home, Roatch's boyfriend, Jack Brown, telephoned to report that he had found her vehicle parked on a street in downtown Fairbanks. The officers then drove to the location where Brown had seen the car and parked approximately half a block away from the vehicle to see if any of the possible suspects would return to the car.

About fifteen minutes later, Marteshia Clark and Crystal Thomas approached the stolen car. Thomas matched the physical description given by Roatch. Thomas got into the driver's seat and Clark sat in the passenger seat. Officer Thompson activated the patrol car's overhead lights, drew his weapon, and he and Officer Benjamin Holston directed the women to get out of the

car. The officers handcuffed Clark and Thomas and searched the women for weapons. Officer Thompson put Thomas into the back of the patrol car, and when Officer Bruce Barnett arrived on the scene, the officers placed Clark in the back of the second patrol car.

After advising Thomas of her *Miranda* rights, Officer Thompson asked her about her relationship with Roatch. Thomas said that she had known Roatch for three months, and that Roatch had given her permission to use the car.

Officer Thompson then spoke with Roatch, who had arrived at the scene, and she denied giving Thomas permission to use the vehicle. Roatch then gave Officer Thompson permission to search her vehicle for illegal drugs or weapons. Officer Thompson found clothing, fast food containers, a cell phone, trash, and a metal cigarette case which was decorated with a design of marijuana leaves and a "rasta character." Roatch denied ownership of a majority of the items in the car, including the cigarette case.

The cigarette case was sitting on the back-seat of the car. Officer Thompson opened the case and discovered three bindles of cocaine inside. Officer Thompson then asked Thomas about the case, and she denied that it belonged to her. Officer Thompson did not ask Clark if she owned the cigarette case, and Clark remained handcuffed in the backseat of the patrol car while Thompson searched the vehicle.

The officers transported Thomas and Clark to the Fairbanks Police Station and secured them in separate holding cells. Officer Thompson and a drug enforcement officer interviewed Clark at the jail. Clark said that she did not know that the vehicle was stolen, and that Thomas was giving her a ride down the street. Clark admitted that she owned the cigarette case and explained that she was planning to trade the cocaine in the case for some marijuana.

A grand jury indicted Clark on one count of misconduct involving a controlled substance in the third degree.[1] Clark moved to suppress the evidence of the cocaine seized from the cigarette case and the statements she made related to that seizure, arguing that the search did not fall within an exception to the warrant requirement.

After an evidentiary hearing, Superior Court Judge Douglas Blankenship found that Roatch gave Officer Thompson her general, unlimited consent to search the car and that during the search, Officer Thompson found the cigarette case. He ruled that Roatch's denial that she owned the cigarette case did not limit that consent. Judge Blankenship also found that Clark did not have an expectation of privacy in the cigarette case since it was in a stolen car from which she had just been removed.

Judge Blankenship also found that Officer Thompson had probable cause to arrest Clark for criminal mischief in the fifth degree for joyriding. Judge Blankenship concluded that the search of the cigarette case was also justified as a search incident to Clark's arrest for criminal mischief. The court denied Clark's motion to suppress and a jury convicted her of misconduct involving a controlled substance. This appeal followed.

### Discussion

 The police may conduct a warrantless search based on the voluntary consent of a person who has valid control of the place to be searched.[2] Ordinarily, a general consent by the property owner will allow the police to open closed but unlocked containers that could contain the object of the search.[3] Thus, an owner's general consent to the search of a vehicle for drugs includes consent to open closed containers found in the vehicle.[4]

We applied these principles to a similar situation in *Ingram v. State.*[5] In that case,

1. AS 11.71.030(a)(1).

2. *Hilbish v. State,* 891 P.2d 841, 848 (Alaska App.1995).

3. *Ingram v. State,* 703 P.2d 415, 424 (Alaska App.1985).

4. *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 1804, 114 L.Ed.2d 297 (1991).

5. 703 P.2d 415.

the defendant left his jacket and his wallet on the floor of a neighbor's apartment, where he was arrested for his involvement in an LSD transaction.[6] After Ingram's arrest, the neighbor allowed the police to search the apartment for LSD and marked money.[7] We held that the search of Ingram's jacket and wallet were within the scope of the neighbor's consent, even though the neighbor told the police that those items did not belong to him.[8] We held that Ingram "assumed the risk" that the neighbor might consent to a search of the jacket and wallet by leaving them behind when he was arrested.[9]

In *Ingram,* our conclusion that the neighbor had the authority to agree to a search of Ingram's property was based on the diminished expectation of privacy held by someone who leaves property in a neighbor's apartment. In the present case, Clark had a diminished expectation of privacy in her cigarette case for similar reasons: She apparently left her cigarette case in the backseat of a stolen vehicle.

The prevailing view of cases from other jurisdictions is that a passenger has no expectation of privacy in containers left in a stolen vehicle.[10] In response, Clark argues that there was no evidence establishing that she knew that Roatch's vehicle was stolen. But that is not the critical question. The critical question is what information was available to Officer Thompson at the time of the search.

Judge Blankenship found that Officer Thompson had probable cause to believe that the vehicle was stolen and that Clark was guilty of joyriding. These findings were adequately supported by Officer Thompson's testimony about Roatch's report that Thomas had stolen her vehicle. Based on this information, Officer Thompson could have reasonably concluded that Clark had a reduced expectation of privacy in the containers that were found in the stolen vehicle.

Moreover, Clark apparently chose to leave the cigarette case in the backseat of the vehicle rather than to carry it on her person. Passengers have a reduced interest in containers that they leave in another person's vehicle.[11] This interest differs from passengers' interest in property they carry on their person.[12] At the time of the search Clark had not admitted that the cigarette case belonged to her. Officer Thompson could reasonably conclude that Clark had a lesser interest in the case because it had been left behind on the backseat.

In summary, Officer Thompson could reasonably conclude that Clark had a reduced expectation of privacy in the cigarette case left on the backseat. The officer could also reasonably conclude that Clark had a reduced privacy interest in the case, which had been left in a stolen vehicle where she had no permission to be. Based on these conclusions, the officer could reasonably conclude that the owner's general consent to the

---

6. *Id.* at 419–20.

7. *Id.* at 420.

8. *Id.* at 424.

9. *Id.* at 425 n. 6 (citing *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974)).

10. *See* 6 Wayne R. LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 11.3(e), at 206–07 (4th ed.2004); *Nelson v. State,* 405 So.2d 392, 398 (Ala.Crim.App.1980), *rev'd on other grounds,* 405 So.2d 401 (Ala.1981) (holding that passenger in stolen vehicle lacked standing to object to search of vehicle); *see also State v. Thompson,* 490 S.W.2d 50, 51–52 (Mo.1973); *State v. May,* 613 S.W.2d 877, 881 (Mo.App. 1981); *Harper v. State,* 84 Nev. 233, 440 P.2d 893, 895–98 (1968); *State v. Scott,* 860 P.2d

1005, 1007–08 (Utah App.1993); *State v. Bruski,* 299 Wis.2d 177, 727 N.W.2d 503, 511–13 (2007) (holding that defendant did not have reasonable expectation of privacy in makeup case he left in vehicle because he did not have permission to be in the vehicle).

11. *See Wyoming v. Houghton,* 526 U.S. 295, 303, 119 S.Ct. 1297, 1302, 143 L.Ed.2d 408 (1999) (allowing police to search passenger's purse during warrantless search of vehicle); *Marshall v. State,* 198 P.3d 567, 573–74 (Alaska App.2008) (holding that passenger lacked standing to object to police officers' seizure of prescription bag he left on dashboard of another person's truck).

12. *See United States v. Di Re,* 332 U.S. 581, 587, 68 S.Ct. 222, 225, 92 L.Ed. 210 (1948) (finding that warrantless search of passenger's personal clothing not justified merely as search incident to search of the vehicle).

search of her vehicle included the authority to open the cigarette case.

Since the search was justified by the vehicle owner's consent, we are not required to review Judge Blankenship's conclusion that Clark had *no* expectation of privacy in the cigarette case,[13] or his conclusion that the search was a valid search incident to Clark's arrest.[14] During her police interview after the search, Clark admitted that she owned the cigarette case and explained that she was planning to trade the cocaine in the case for some marijuana. But the circumstances known to the police at the time of the search were similar to the circumstances that justified the search in *Ingram.* Officer Thomp-son could therefore reasonably conclude that the vehicle owner had the authority to consent to a search of property that had been left in the backseat of a stolen vehicle.

### Conclusion

We therefore AFFIRM the superior court's judgment.

---

**13.** *Compare People v. Dalton,* 24 Cal.3d 850, 157 Cal.Rptr. 497, 598 P.2d 467, 472 (1979) (holding that defendant had standing to challenge search of boxes left in stolen vehicle).

**14.** *See Arizona v. Gant,* 556 U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (defining scope of a vehicle search for evidence incident to arrest of the driver); *Crawford v. State,* 138 P.3d 254 (Alaska 2006) (upholding search of the center console of the defendant's vehicle after his arrest); *State v. Joubert,* 20 P.3d 1115 (Alaska 2001) (upholding pat-down search of defendant for evidence of vehicle theft).